**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRAY & GILLESPIE**
**MANAGEMENT LLC,**
**BRAY & GILLESPIE,**
**DELAWARE I, L.P.,**
**BRAY & GILLESPIE X,**
**LLC, et al.**

      **Plaintiffs,**

-vs-                Case No.  6:07-cv-222-Orl-19KRS

**LEXINGTON INSURANCE**
**COMPANY, BELFOR USA**
**GROUP, INC., BUILDING**
**CONSULTING ASSOCIATES,**
**INC., VERICLAIM, INC.**

      **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Plaintiffs' Combined Motion and Memorandum to Extend Time to File Second Amended Complaint and to Allow Plaintiffs to Conduct Certain Discovery Prior Thereto (Doc. No. 107, filed Oct. 22, 2007);

2. Opposition to Plaintiffs' Motion to Extend Time to File Second Amended Complaint by Belfor USA Group, Inc. (Doc. No. 108, filed Oct. 23, 2007);

3. Defendant Lexington Insurance Company's Response in Opposition to Plaintiff's Combined Motion and Memorandum to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Certain Discovery Prior Thereto (Doc. No. 109, filed Oct. 26, 2007);

4. Notice of Settlement Providing Further Support of Plaintiffs' Motion to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Discovery Prior Thereto (Doc. No. 110, filed Oct. 26, 2007)[1];

5. Defendant VeriClaim, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Combined Motion and Memorandum to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Certain Discovery Prior Thereto (Doc. No. 111, filed Oct. 31, 2007);

6. Defendant Lexington Insurance Company's Motion to Strike Notice of Settlement Providing Further Support of Plaintiffs' Motion to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Discovery Prior Thereto, or in the Alternative, for Leave to File Surreply to such Notice (Doc. No. 113, filed Nov. 2, 2007);

7. Notice of Corrected Certificate of Conferral Concerning Defendant Lexington Insurance Company's Motion to Strike Notice of Settlement Providing Further

---

[1] Docket entry number 110, which Plaintiffs entitle Notice of Settlement, is not an actual Notice of Settlement. (Doc. No. 110). The document states that Plaintiffs entered a settlement with Defendant Building Consulting Associates, Inc. ("BCAI") and that documents obtained as a result of that settlement further support Plaintiffs' need for an extension of time. (*Id.*) Plaintiffs contend that Defendants Lexington Insurance Company and VeriClaim, Inc. improperly withheld documents from Plaintiffs in their related case against Defendant Belfor. (*Id.* at ¶ 8). Plaintiffs argue that these documents "may be relevant to the pleading of RICO claims here." (*Id.*) Plaintiffs also contend that the documents obtained from BCAI "demonstrate[] that further discovery is necessary in order for Plaintiffs to obtain additional documents and information under the exclusive control of Lexington, VeriClaim and/or Belfor that would assist in providing the specificity called for in the Court's Order with respect to Plaintiffs' RICO claims. (*Id.* at ¶ 9). Plaintiffs attach an affidavit from BCAI's president stating that BCAI provided Plaintiffs with its business records pertaining to the work done on Plaintiffs' properties. (Doc. No. 110-2, ¶¶ 9-10). This document fails to show that the information Plaintiffs need to plead their RICO claims is in the exclusive control of the Defendants.

        Support of Plaintiffs' Motion to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Discovery Prior Thereto, or in the Alternative, for Leave to File Surreply to such Notice (Doc. No. 115, filed Nov. 5, 2007); and

8.      Plaintiff's Opposition to Defendant Lexington Insurance Company's Motion to Strike Notice of Settlement Providing Further Support of Plaintiffs' Motion to Extend Time to File a Second Amended Complaint to Allow Plaintiffs to Conduct Discovery Prior Thereto, or in the Alternative, for Leave to File Surreply to such Notice (Doc. No. 116, filed Nov. 5, 2007).

**Background**

On October 5, 2007, the Court issued an Order granting in part and denying in part Defendants' Motions to Dismiss the Amended Complaint. (Doc. No. 99). The Court's Order dismissed all of Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, codified as 18 U.S.C. Section 1961, *et seq*. and granted Plaintiffs ten (10) days leave to file a Second Amended Complaint that comported with the terms of its Order. (*Id.*) In dismissing Plaintiffs' RICO claims, the Court stated that RICO claims must be pleaded with specificity. (*Id.* at p. 10 (citing Fed. R. Civ. P. 9(b)). The Court noted that Federal Rule of Civil Procedure 9(b) required Plaintiffs to allege:

> (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.

(*Id.* (citations omitted)). Because Plaintiffs asserted claims against multiple defendants, they were also required to make "specific allegations with respect to each defendant that [were] sufficient to inform each defendant of the nature of his alleged participation in the fraud." (*Id.* (internal

quotations and citations omitted). The Court found that Plaintiffs' Amended Complaint was deficient because it merely alleged that the "Defendants constitute[d] an enterprise and lump[ed] all of their general factual allegations together." (*Id.*) Moreover, the Court reasoned that Plaintiffs failed to plead their predicate acts with the required level of specificity. (*Id.* at pp. 10-11).

On October 22, 2007, Plaintiffs filed a Motion to Extend Time to File their Second Amended Complaint, requesting a ninety (90) day extension of time in order to "conduct certain discovery regarding the allegations supporting their RICO claims." (Doc. No. 107). Defendants Belfor, Lexington and VeriClaim oppose Plaintiffs Motion. (Doc. No. 108, 109, 111).

**Standard of Review**

Federal Rule of Civil Procedure 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Federal Rule 15(a) is traditionally interpreted liberally, and leave is freely given absent circumstances such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, the district court has discretion to deny a Rule 15(a) motion if it finds that a "substantial reason exists to deny leave to amend." *See Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

**Analysis**

Generally, courts should resolve legal issues, such as the sufficiency of a claim or defense, before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997);

*see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1991) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim."). The failure to dismiss a nonmeritorious claim before discovery imposes significant costs on both the litigants and the court. *See Chudasama*, 123 F.3d at 1367-68. The need to eliminate nonmeritorious claims before discovery is especially prevalent when the contested claim "unduly enlarge[s] the scope of discovery," because there is an increased potential for discovery abuse. *See id.*

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The particularity requirements of this Rule apply to civil RICO claims. *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). The specificity requirements contained in Rule 9(b) are intended to "alert[] defendants to the 'precise misconduct with which they are charged' and protect[] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied*, 469 U.S. 1211 (1985)). In fraud-based claims involving companies, the failure to enforce the requirements of Rule 9(b) allows a plaintiff "to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and at worst, ... baseless allegations used to extract settlements." *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1359-60 (11th Cir. 2006) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 n. 24 (alteration in original)).

However, the particularity requirements of Rule 9(b) should not be applied mechanically and must be read in light of the notice pleading standards set forth in Rule 8. *See United States ex rel. Hill v. Morehouse Med. Assoc., Inc.*, Case No. 02-14429, 2003 WL 22019936, * 3 (11th Cir. Aug. 15, 2003); *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir. 1985). The particularity requirements can be relaxed when the specific information with respect to the fraud is within the exclusive knowledge or control of the defendant. *Morehouse Med. Assoc., Inc.,* 2003 WL 22019936 at * 3 (collecting cases); *Lab. Corp. of Am.*, 290 F.3d at 1314 n. 25. However, the information required to plead fraud must be in exclusive control of the defendant and cannot be possessed by other entities. *United States ex rel. Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir. 1999).

When the more lenient standard is applied, the plaintiff may plead fraud based on information or belief provided the complaint alleges a factual basis for the plaintiff's beliefs. *Lab. Corp. of Am.*, 290 F.3d at 1314 n. 25; *see also Durham v. Bus. Mgmt Assoc.*, 847 F.2d 1505, 1511-12 (11th Cir. 1988) (RICO case reasoning that "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule[,]" and holding that allegations in amended complaint combined with affidavit stating defendants used mail to further the scheme was sufficient to satisfy Rule 9(b)); *Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268, 1280 (M.D. Ala 1999) (In order to satisfy the more liberal standard "[t]he complaint . . . must still adduce specific facts supporting a strong inference of fraud. . . . Further, the complaint must also allege that the necessary information lies within the defendant's control, and then allegations must be accompanied by a statement of facts upon which allegations are based." (internal quotations omitted)). Irregardless

of any leniency, dismissal is warranted when the plaintiff merely provides conclusory allegations. *See Lab. Corp. of Am.*, 290 F.3d at 1314 n. 25.

Under certain circumstances there is precedent to support granting a plaintiff additional time to conduct discovery before dismissing his RICO claims. *E.g., N. Eng. Data Servs., Inc. v. Becher*, 829 F.2d 286, 290 (1st Cir. 1987). In *Becher*, the plaintiff asserted a RICO claim against defendants, who were residents of different states. 829 F.2d at 288. The First Circuit stated that:

> In an appropriate case, where, for example the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant, the court should make a second determination as to whether the claim as presented warrants the allowance of discovery and if so, thereafter provide an opportunity to amend the defective complaint.

*Id.* at 290. The First Circuit reasoned that the decision whether to allow further discovery should be determined based on: (1) the strength of the allegations with respect to the general scheme to defraud; (2) "the establishment of interstate commerce and the resulting implication of the use of interstate wires and mails;" (3) whether there were multiple defendants and whether the communications were solely between the defendants or between defendants and the plaintiffs; (4) whether the facts were peculiarly within the defendants' control. *Id.* at 291-92. The First Circuit held that further discovery was warranted in *Becher* because plaintiffs made strong allegations of fraud, established a likelihood that defendants used mail or wire services to effectuate their scheme, and the information plaintiffs needed to prove their case was in the exclusive control of the defendants. *Id.* at 292.

Plaintiffs rely on *Becher* in their argument contending additional discovery is appropriate. (*See* Doc. No. 107). However, subsequent First Circuit precedent indicates that *Becher* should only apply when the complaint is deficient in form rather than substance. *See Cordero-Hernandez v.*

*Hernandez-Ballesteros*, 449 F.3d 240, 244 (1st Cir. 2006) ("But *Becher* discovery (with concomitant leave to amend) is neither automatic, nor of right, for every plaintiff. The threshold questions are whether the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant." (Internal citations and quotation omitted)); *N. Bridge Assoc., Inc. v. Boldt*, 274 F.3d 38, 44 (1st Cir. 2001); *Feinstein v. Resoultion Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991) (Discovery is not appropriate when plaintiff's allegations merely, "chant the statutory mantra, and leave the identification of predicate acts to the time of trial."). *See also Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988) (collecting cases and reasoning that courts are reluctant to dismiss a case without discovery under Rule 9(b) when the information needed is entirely within the control of the opposing party). In many RICO claims, courts have failed to allow leave to amend with additional discovery when there is no basis to find that the necessary documents are in the exclusive control of the defendant. *E.g., N. Bridge Assoc., Inc.*, 274 F.3d at 44 (affirming district court's decision to dismiss without leave for discovery and amendment when the complaint failed to include specific allegations to show episodes of mail or wire fraud); *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (Plaintiff was not entitled to discovery with leave to amend because he "failed to supply specific allegations which would indicate that critical information was in the sole possession of the defendants.") *M & I Heat Transfer Prods. Ltd. v. Willke*, 131 F. Supp. 2d 256, 261(D. Mass. 2001) ("dismissal based on M & I's failure to plead 'predicate acts' with particularity is appropriate [because] . . . the information needed to properly plead fraud is not in the exclusive control of the defendants.").

In the instant case, Plaintiffs never plead that the Defendants are in exclusive control of the required documents. (*See* Doc. No. 13). Moreover, Plaintiffs never plead specific facts to support their allegations of fraud. (*See id.*) Rather, they merely include conclusory allegations which summarize the statutory language. (*See id.*) Considering the allegations of the Amended Complaint, there is no basis to find that the documents Plaintiffs allegedly need to plead their case are in the exclusive control of the Defendants. First, Plaintiffs' Amended Complaint admits that Defendants are not in exclusive control of the documents relevant to the RICO claims because Plaintiffs allege that Defendants' "[v]iolations of the Federal mail and wire fraud statutes . . . [include] the transmission of . . . correspondence mailed to plaintiffs from said enterprise." (Doc. No. 13, ¶ 234). Moreover, Plaintiffs are currently involved in a related case in this Court against Defendant Belfor. (Doc. No. 10); *see also Belfor USA Group, Inc. v. Bray & Gillespie, LLC*, 6:05-cv-1624.[2] Belfor filed its claim against Bray on October 28, 2005, and considerable discovery has already occurred. *Belfor USA Group, Inc. v. Bray & Gillespie, LLC*, 6:05-cv-1624. Finally, Plaintiffs admit receiving multiple documents from Defendant BCAI. (Doc. No. 110-2). Thus, there is ample basis to infer that Plaintiffs already are or should be in possession of sufficient evidence to plead their RICO claims.

Even if the Court were to find that Plaintiffs need additional information to plead their RICO claims, the discovery which Plaintiffs request contains no limitations in scope. Sanctioning the

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the related case and its docket entries. The Court takes judicial notice of all documents filed in this proceeding but not of the facts contained in those documents. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

unspecified discovery Plaintiffs request would be tantamount to allowing a fishing expedition and undermine the purposes of Rule 9.[3]

Based on the foregoing, the Court finds that there are substantial reasons to deny Plaintiffs' request for an extension of time to file their Second Amended Complaint.

### Conclusion

Plaintiff's Motion for Extension to Time (Doc. No. 107) is **DENIED**. Defendant Lexington's Motion to Strike (Doc. No. 113) is **DENIED AS MOOT.** Plaintiff has seven (7) days from the date of this Order to file its Second Amended Complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 14, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[3] The instant case was filed on February 13, 2007. (Doc. No. 1). Plaintiffs filed their Amended Complaint on May 23, 2007. (Doc. No. 13). On August 24, 2007, while Defendants' Motions to Dismiss were pending, the Court issued the Case Management and Scheduling Order. (Doc. No. 86). Plaintiffs knew they intended to pursue a series of RICO claims before the Court issued its Order on Defendants' Motions to Dismiss. Therefore, Plaintiffs have had over two months to conduct discovery with respect to this issue.