# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　Case No. 6:07-cv-222-Orl-19KRS

**LEXINGTON INSURANCE COMPANY, BELFOR USA GROUP, INC., BUILDING CONSULTING ASSOCIATES, INC., VERICLAIM, INC.**
        **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION . . . FOR RELIEF FROM DISCOVERY ABUSES AND TO COMPEL RESPONSES TO BELFOR USA GROUP, INC.'S SUBPOENA DUCES TECUM TO OCEAN WATERS INVESTMENT, LLC (Doc. No. 215)
>
> **FILED:** June 6, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On December 20, 2007, Defendant Belfor USA Group, Inc. (Belfor) served a subpoena *duces tecum* on non-party Ocean Waters Investments, LLC (Ocean Waters). The subpoena called for production of documents on January 18, 2008. Doc. No. 215-3. Counsel for Plaintiffs in the present case represent Ocean Waters.

During a discovery conference before me on March 18, 2008, I learned that Ocean Waters had not yet produced documents responsive to the subpoena. Ocean Waters had not sought a protective order or extension of time to respond to the subpoena from the Court. During that conference, I established April 30 as the date for production of documents responsive to Belfor's production requests. In the context of the discussion at the hearing, this production date applied also to the subpoena *duces tecum* to Ocean Waters. Doc. No. 215-2 at 29, 39.[1] There is no information before the Court showing that Belfor agreed to extend the time for Ocean Waters to respond to the subpoena to a date after April 30, 2008.

On May 9, 2008, counsel for Ocean Waters served Ocean Waters Investment, LLC's Response and Objections to Subpoena Duces Tecum of Defendant Belfor. Doc. No. 215-8. Among other things, Ocean Waters stated that responsive information was contained in previous productions by Plaintiffs. Ocean Waters refused to identify which of the documents previously produced came from Ocean Waters' files. Accordingly, Belfor filed the present motion asking the Court to do the following:

(1) compel Ocean Waters to produce documents responsive to Belfor's subpoena not previously produced within ten days;

(2) require Ocean Waters separately to identify all documents included in Plaintiffs' prior discovery responses and privilege logs that came from or were being maintained by or for Ocean Waters;

---

[1] I use the internal pagination of the transcript rather than the pagination assigned to the excerpt when it was electronically filed.

(3) find that Ocean Waters has waived all objections, including privileges and protections, by its untimely response to the subpoena; and,

(4) award Belfor the reasonable attorneys' fees and costs it incurred in filing the motion.

In the response to the motion, Ocean Waters does not contend that the objections it raised in response to the subpoena were well taken. It does not argue that its May 9, 2008, response to the subpoena, which was returnable on January 18, 2008, was timely. Doc. No. 235. Therefore, I find that Ocean Waters has abandoned all objections to the subpoena, other than privileges and protections listed on the privilege logs already provided to Belfor.

Ocean Waters contends that it cannot identify documents that it maintained as distinct from other documents maintained by Plaintiffs. Counsel for Ocean Waters stated during the March 18 hearing that Ocean Waters is a separate corporation that "is a management company . . . formed to assist with . . . the non day-to-day operations, but the more general management issues, especially legal issues or corporate overview issues, for the Bray & Gillespie family of companies." Doc. No. 215-2 at 39-40. In its response to the present motion, Ocean Waters submitted an affidavit of Stephen L. Nalley, Senior Vice President of Bray & Gillespie Management, LLC d/b/a Ocean Resorts, Bray and Gillespie Delaware I, L.P., and Bray & Gillespie X, LLC. Doc. No. 235-2. Nalley avers that the "Bray and Gillespie family of companies" does not maintain documents separately by corporate entity. Doc. No. 235-2 ¶¶ 1, 4. Nalley does not aver, however, that Ocean Waters is a member of the "Bray and Gillespie family of companies." As such, his affidavit is insufficient to establish that Ocean Waters' documents are commingled with documents held collectively by the "Bray and Gillespie family of companies."

The history of discovery disputes in this case persuades me that ordering Ocean Waters to identify documents that were kept by or for it would likely further delay the discovery efforts without a likelihood of a better response from Ocean Waters. Accordingly, the motion to compel is **GRANTED** in part as follows: It is **ORDERED** that within eleven days from the date of this Order, at a time mutually agreed to or otherwise established by the Court or a special master, Ocean Waters shall produce for a Rule 30(b)(6) deposition one or more corporate representatives with the most knowledge of how Ocean Waters maintains its business records, both in paper and in electronic form. The deposition shall be conducted at Ocean Waters' regular place of business. If responsive to questions, Ocean Waters' corporate representatives shall allow Belfor's counsel and its IT expert or consultant to view Ocean Waters' computer(s) to determine how information is organized and stored therein.

It is further **ORDERED** that Ocean Waters shall identify at this Rule 30(b)(6) deposition all documents previously produced or listed on a privilege log that are responsive to the subpoena to Ocean Waters. To the extent that any of those documents are, or were originally, in the form of electronically stored information, it is further **ORDERED** that Ocean Waters shall also produce to counsel for Belfor each such document, in native format with metadata. Finally, to the extent that Ocean Waters has identified other documents within its possession, custody or control that are responsive to the subpoena, it is further **ORDERED** that Ocean Waters shall produce those documents, in native format with metadata if the documents are, or were originally, in the form of electronically stored information, to counsel for Belfor during the deposition. Ocean Waters shall bear

the cost of the court reporter for the deposition. The deposition shall not count against the number of depositions that Belfor is authorized to take.

No authority exists for an award of attorneys' fees and costs for a non-party's failure to respond to a Rule 45 subpoena except through a finding that the non-party is in contempt of court. *See* Fed. R. Civ. P. 45(e); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, No. 5:04-cv-12-Oc-10GRJ, 2006 WL 1063299, at * 1 (M.D. Fla. Mar. 28, 2006). At this point, I decline to find Ocean Waters in contempt of court, and the motion to compel is **DENIED** in that respect. However, if Ocean Waters does not fully comply with this Order, or if Belfor can establish after the Rule 30(b)(6) deposition that Ocean Waters directly or through its counsel made false statements or withheld material information from the Court, Belfor may request that the Court issue an order to show cause why Ocean Waters should not be held in contempt of court.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties