**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
       **Plaintiffs,**

-vs-                                                                           Case No.  6:07-cv-222-Orl-98KRS

**LEXINGTON INSURANCE COMPANY, BELFOR USA GROUP, INC., BUILDING CONSULTING ASSOCIATES, INC., VERICLAIM, INC.**
       **Defendants.**
_____/

## NOTICE OF OPPORTUNITY TO RESPOND

This cause came on for consideration on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFFS (Doc. No. 202)** |
| **FILED:** | **May 27, 2008** |

| | |
|---|---|
| **MOTION:** | **MOTION AND INCORPORATED MEMORANDUM TO COMPEL PROPER PRODUCTION OF DOCUMENTS BY PLAINTIFFS AND FOR RELIEF FROM DISCOVERY VIOLATIONS (Doc. No. 217)** |
| **FILED:** | **June 6, 2008** |

> **MOTION:** **BELFOR USA GROUP, INC.'S SUPPLEMENTAL MOTION FOR SANCTIONS FOR PLAINTIFFS' FAILURE TO PROPERLY RESPOND TO ELECTRONIC DISCOVERY AND FOR RELIEF REGARDING PLAINTIFFS' FAILURE TO PRESERVE AND TO PRODUCE ELECTRONICALLY STORED INFORMATION (Doc. No. 282)**
>
> **FILED:** **August 15, 2008**

Fed. R. Civ. P. 37 and the Court's inherent power permit the Court to require a party, the attorney advising the party, or both to pay reasonable expenses related to discovery violations. Accordingly, John Ellison, Esq.,[1] Reed Smith, LLP, and W. Bruce DelValle, Esq.,[2] counsel for Plaintiffs, are hereby afforded an opportunity to file a supplemental response to the above-captioned motions addressing why sanctions should not be imposed against any or all of them as the attorney(s) responsible for the allegedly sanctionable conduct, including the following:

1. Deliberately manipulating electronically stored information covered by my April 11, 2008, discovery order, Doc. No. 181, in such a way as to withhold data, including metadata, in violation of that order.

2. Engaging in a deliberate pattern of delay and dilatory conduct, by knowingly and untimely producing deficient discovery materials.

---

[1] Attorney Ellison is listed individually because he has been counsel of record throughout this case, while Reed Smith, LLP, only became involved in the case in approximately April 2008.

[2] Attorney DelValle is listed individually because the record indicates both that he was outside counsel and in house counsel for Plaintiffs prior to his May 30, 2008, appearance as counsel of record in this case. *See* Doc. No. 190 at 6 (Letter from DelValle to Michael Lane, Esq., dated March 28, 2008, stating "I am outside counsel for Bray & Gillespie, LLC and its related entities."); Doc. No. 209 (listing DelValle as Deputy General Counsel and Chief Litigation Officer of Ocean Waters Management).

3. Deliberately attempting to mislead this Court concerning the parties' agreements about electronic discovery, Doc. No. 222, in response to Defendant Lexington's Motion for Discovery Sanctions, Doc. No. 202, and in arguments to the Court.

It is ordered that any supplemental response to the motions shall be filed on or before October 13, 2008. Each supplemental response is limited to ten pages.

**DONE** in Orlando, Florida on this 2nd day of October 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE