**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRAY & GILLESPIE MANAGEMENT**
**LLC, BRAY & GILLESPIE, DELAWARE**
**I, L.P., BRAY & GILLESPIE X, LLC, et al.**
     **Plaintiffs,**

-vs-                 Case No.  6:07-cv-222-Orl-35KRS

**LEXINGTON INSURANCE COMPANY,**
**BELFOR USA GROUP, INC., BUILDING**
**CONSULTING ASSOCIATES, INC.,**
**VERICLAIM, INC.**
     **Defendants.**
_____/

**ORDER,**
**NOTICE OF HEARING,**
**AND**
**NOTICE OF INTENT TO TAKE JUDICIAL NOTICE OF FACTS OUTSIDE THE RECORD.**

 This matter comes on for final resolution of Lexington Insurance Company's Motion for Discovery Sanctions against Plaintiffs and Motion to Compel Proper Production of Documents by Plaintiffs, Doc. No. 202, and Renewed Motion for Discovery Sanctions Against Plaintiffs, Doc. No. 276; Defendant Belfor's Motion to Compel Proper Production of Documents by Plaintiffs and for Relief from Discovery Violations, Doc. No. 217, and Supplemental Motion for Sanctions for Plaintiffs' Failure to Properly Respond to Electronic Discovery, Doc. No. 282

 I previously held an evidentiary hearing on these motions and ordered interim relief. Doc. Nos. 214, 247, 256, 330. Thereafter, counsel provided additional information to the Court regarding the motions. Doc. Nos. 258, 264, 270, 331, 338, 339.

I also issued an Notice of Opportunity to Respond advising counsel of my intent to consider whether counsel of record in addition to or instead of Plaintiffs should be sanctioned for conduct described in the pending motions and as set forth in the notice. Doc. No. 331. Counsel filed written responses to that notice. Doc. Nos. 338, 339.

In addition, counsel have referred in their papers to matters of record in other federal and state court proceedings that may have a direct relation to the matters at issue in the pending motions. Specifically, these cases are *Bray & Gillespie IX, LLC v. Hartford First Ins. Co., et al.*, Case No. 6:07-cv-326-Orl-KRS (hereinafter the "Hartford Case"), and *Belfor USA Group, Inc., et al. v. Bray & Gillespie, LLC, et al.*, Case No. 2005-31217 CICI (Fla. 7th Jud. Cir. Ct.) (hereinafter the "State Case").

*A.     Notice of Intent to Take Judicial Notice.*

In general, the Court will not consider facts outside the record developed in present case. However, the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *accord Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984). Counsel should be given notice of and an opportunity to be heard as to the propriety of taking judicial notice. Fed. R. Civ. P. 201(e).

Accordingly, I hereby advise counsel that, with respect to the above-referenced sanction motions and Notice of Opportunity to Respond only,  I intend to take judicial notice of papers filed and testimony submitted in the Hartford Case and the State Case, specifically including, but not limited to, the following:

- Final Judgment For Money Damages and Foreclosure, State Case, Instrument 2008-183411, Book 6276, Page 2077.

- Transcript of Hearing on Emergency Motion, Hartford Case, Doc. No. 146;

- Transcript of Evidentiary Hearing, Hartford Case, Doc. No. 160;

- Deposition of William Pillsbury, Hartford Case, Doc. Nos. 170-71;

- Communications among counsel submitted in the Hartford Case, doc. no. 48-2 at 13-17, doc. no. 48-3 at 1-7; doc. no. 69-2 at 10-15;

- Notice of Change of Firm and Address, Hartford Case, Doc. No. 50;

- Joint Stipulation for Substitution of Counsel, Hartford Case, Doc. No. 58;

- Deposition of Harold Lueken taken April 8 & 9 and May 30, 2008, Hartford Case, Doc. Nos. 120-7 through 120-10;

- Plaintiff's Memorandum of Law in Opposition to Defendants' Joint Motion to Compel Documents and Cross Motion for a Protective Order, Hartford Case, Doc. Nos, 130-1 through 130-6.

I will also consider all the information contained in the present case, whether or not submitted with respect to the pending sanctions motions.

To the extent that there are documents related to discovery disputes in the State Case, other sworn statements or testimony, or other documents available in public records that bear upon the present motions for sanctions, and particularly Plaintiffs and their present counsels' access to electronically stored information in the Introspect database or otherwise during the relevant time, counsel may file the documents with the Court on or before November 10, 2008, supported by a motion requesting the Court to take judicial notice of those documents. The Court admonishes the parties that a motion requesting judicial notice is not an opportunity to rebrief issues in the instant motions or to present legal arguments beyond those necessary to satisfy the requirements of Fed. R. Evid. 201.

*B. Reopening of Evidentiary Hearing.*

After review of the above-referenced documents, the Court finds it appropriate to reopen the evidentiary hearing on Lexington's Motion for Discovery Sanctions, Doc. No. 202, and Renewed Motion for Discovery Sanctions, Doc. No. 276; and, Belfor's Motion for Relief from Discovery Violations, Doc. No. 217, and Supplemental Motion for Sanctions, Doc. No. 282; and to take evidence as necessary on the matters raised in the Notice of Opportunity to Respond, Doc. No. 331.  During the hearing, the parties also will be given an opportunity to be heard on "the propriety of taking judicial notice and the tenor of the matter[s] noticed" by the Court in this order and in any motions by the parties during the reopened evidentiary hearing.  Fed. R. Evid. 201(e).

Accordingly, **TAKE NOTICE** that the evidentiary hearing on Defendant Lexington Insurance Company's Motion for Discovery Sanctions against Plaintiffs and Motion to Compel Proper Production of Documents by Plaintiffs, Doc. No. 202, and Renewed Motion for Discovery Sanctions Against Plaintiffs, Doc. No. 276; and, Defendant Belfor's Motion to Compel Proper Production of Documents by Plaintiffs and for Relief from Discovery Violations, Doc. No. 217, and Supplemental Motion for Sanctions for Plaintiffs' Failure to Properly Respond to Electronic Discovery, Doc. No. 282; and, the matters raised in the Notice of Opportunity to Respond, doc. no. 331, will be continued before the undersigned on **MONDAY, NOVEMBER 17, 2008** at **9:00 A.M.** in Courtroom #5D, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida.

The Federal Rules of Evidence will apply at the hearing.[1] The Court has reserved **9:00 a.m. to 4:00 p.m., excluding an appropriate lunch break,** for the hearing, which time shall be divided approximately equally between B&G, Lexington, and Belfor. At a minimum, the Court expects to address the following:

1. The propriety of taking judicial notice of facts outside the record;

2. Conflicts, if any, in the information before the Court regarding when Reed Smith and lawyers affiliated with it has access to the Introspect database containing information sought in discovery in the present case;

3. Responsibility of counsel of record for any sanctionable conduct related to the present motions. *See, e.g., Stuart I. Levin & Assocs., P.A. v. Rogers*, 156 F.3d 1135, 1141 (11th Cir. 1998); *see also Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009-10 (8th Cir. 1993); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614 (D. Colo. 2007).[2]

It is further **ORDERED** that no later than three (3) business days before the date of this hearing, counsel for the interested parties shall confer in person or by telephone in a good faith effort to narrow the issues to be resolved by the Court. At the conference, the participants who wish to present exhibits or other documents to the Court in support of their positions shall provide a copy of each such document to opposing counsel. Participants shall also exchange witness and exhibit lists at the conference. Witnesses and exhibits not disclosed at this

---

[1] The Court will not accept testimony from counsel of record in a narrative fashion. Therefore, if an attorney for a party will testify, another attorney must be present to conduct the direct examination.

[2] At the close of the previous evidentiary hearing, counsel for Plaintiffs submitted that he should have been permitted to present evidence from previous counsel of record regarding good faith conferences among counsel, the meaning of terms in discovery responses, and other information. If counsel for Plaintiffs wish to present such evidence, or other information such as retainer agreements or time records showing the division of work between and among counsel, they may promptly seek permission to depose prior counsel, if necessary, to obtain the information and present it to the Court.

conference will not be considered at the hearing absent stipulation of the parties or a showing of good cause for the untimely disclosure.

It is further **ORDERED** that no later than three (3) business days before the date of this hearing, counsel shall contact Edward Jackson, my courtroom deputy clerk, at 407/835-5809, to receive instructions concerning exhibits and witness lists. Counsel shall provide the Court with *one copy* of their exhibits, two copies of their exhibit lists (using the form attached to the Case Management and Scheduling Order) and two copies of their witness lists at the beginning of the hearing. The original exhibits shall be premarked.

It is further **ORDERED** that counsel and parties attending the hearing may bring into the Courthouse cellular telephones (including Blackberry and Treo devices) and laptop computers for use during the hearing. Counsel and parties shall present a copy of this Order and Notice of Hearing to the Court Security Officers at the entrance to the building in order to bring the electronics into the Courthouse. The cellular telephones shall not be used in the common areas of the Courthouse, but may be used in the witness rooms adjacent to and in Courtroom # 5D.

**Participants in the hearing who wish to present argument, or who are granted permission to present testimony or exhibits, must personally appear before the Court.**

**DONE** and **ORDERED** in Orlando, Florida on November 3, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party

**PLEASE NOTE**: **Photo I.D.** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.