**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
   **Plaintiffs,**

-vs-                                                    Case No. 6:07-cv-222-Orl-35KRS

**LEXINGTON INSURANCE COMPANY, BELFOR USA GROUP, INC., BUILDING CONSULTING ASSOCIATES, INC., VERICLAIM, INC.**
   **Defendants.**
_____/

# ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM BELFOR USA GROUP, INC. (Doc. No. 280)**
>
> **FILED:** **August 15, 2008**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On November 11, 2008, the Special Master in this case submitted a report recommending that the motion be granted in part and denied in part. Doc. No. 361. On November 13, 2008, Defendant

Belfor USA Group, Inc. ("Belfor") filed a Notice of Intent to Seek De Novo Review of Order and Recommendations of Special Master.[1] Doc. No. 367.

After an independent de novo review of the record in this matter, the Court agrees in part with the Special Master's Report and Recommendation as follows:

## I. INTERROGATORY NUMBER 1.

The Special Master recommended "that Belfor shall be compelled to respond to B&G Interrogatory #1" by identifying certain corporations or business entities Belfor engaged for Work on the B&G Properties, to identify "by name, job title, and last known address, all individuals Belfor directly employed or retained to perform Work on the B&G Properties," and, to the extent it had such documentation, those individuals retained by other entities to Work for Belfor on the B&G Properties. Doc. No. 361 at 2. The Special Master limited B&G's original request by narrowing the definition of "identify," limiting the document search to "specific employee files [that] exist that contain additional identifying information," and by declining to require Belfor to produce documentation listing individuals employed or retained by other entities. *Id.*

Belfor objects on the grounds that creating such a list would be unduly burdensome and that "[t]he burden should be on B&G to undertake the process of identifying" the requested information

---

[1] Belfor styled its objection as a "Notice of Intent to Seek De Novo Review of Order and Recommendations of Special Master," Doc. No. 367. Fed. R. Civ. P. 53(f) requires the parties to "file objections to–or a motion to adopt or modify–the master's order, report, or recommendations" within the time permitted, as modified by this Court's Order Appointing Special Master, Doc. No. 252 ("The provisions of Rule 53(f) apply with the exception of the time periods set forth in paragraphs 1(C) and (E) above."). Fed. R. Civ. P. 53(f). A party's notice of its intent to object at some future time does not constitute an objection. However, because Belfor's notice contains detailed objections requesting modification of the Special Master's report, the Court will construe it as an objection pursuant to Rule 53(f).

and identities in what Belfor terms "voluminous records." Doc. No. 367 at 8. Belfor argues the Court should permit it to provide global Bates number ranges to documents and request that B&G construct the response to the interrogatory from the "voluminous records." *Id.*

Belfor's burdensomeness argument is not well taken because it is not supported by evidence. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998). Furthermore, in the court of reviewing documents to provide Bates number ranges of documents in which responsive information can be found, Belfor could also have extracted responsive information to the interrogatories rather than requiring B&G also to review each document for responsive information.

Accordingly, Belfor's objections to Interrogatory Number 1 are **DENIED** and the Special Master's recommendations as to this interrogatory are **ADOPTED** and **CONFIRMED**.

**II. INTERROGATORY NUMBER 3.**

The Special Master recommended that Belfor produce information related to its dealings with Lexington, AIG, or known Lexington/AIG policy holders "from January 1, 2001 to April 30, 2008." Doc. No. 361 at 4. Belfor objects that it should not be required to "produce information related to its activities after it was terminated by B&G on April 20, 2005." In its motion, B&G requests information about Belfor's relationships and communications with its co-defendants from January 1, 2001 through the date of Belfor's response as "reasonably calculated to lead to the discovery of information concerning the extent of their interrelationships at the time they allegedly conspired against B&G . . . ." Doc. No. 280 at 15.

B&G did not establish a basis to support the conclusion that interrelationships between Belfor and its co-defendant after B&G terminated Belfor are discoverable or likely to lead to the discovery

of admissible evidence. Accordingly, Belfor's objection is sustained and and the Special Master's recommendations as to this interrogatory are **MODIFIED** to require a response only as to the period from January 1, 2001 to April 20, 2005, the date of Belfor's termination by B&G. The recommendation as to Interrogatory Number 3 is **ADOPTED** and **CONFIRMED** in all other respects.

### III.  INTERROGATORY NUMBER 5.

Belfor requests a clarification that the Special Master's recommendation as to Interrogatory Number 5 is limited to Work on the B&G Properties. After a de novo review of the recommendation, Part (b) of the Special Master's recommendation as to Interrogatory Number 5 is **MODIFIED** to read:

> b)  describe what actions were taken by Belfor, if any, to ensure Laborers and other employees who performed Work on the Properties were sufficiently qualified, trained, or otherwise skilled enough to perform the tasks assigned to them.

The recommendation as to Interrogatory Number 5 is **ADOPTED** and **CONFIRMED** in all other respects.

### III.  REQUEST FOR PRODUCTION NUMBER 19.

Belfor requests a clarification that the Special Master's recommendation as to Request for Production Number 19 ("RFP 19") is limited to Work on the B&G Properties. After a de novo review of the recommendation, the Special Master's recommendation as to RFP 19 is **MODIFIED** to read "Work on the Properties" in Parts (a) through (c). The recommendation as to RFP 19 is **ADOPTED** and **CONFIRMED** in all other respects.

**IV. CONCLUSION.**

It is **ORDERED** that Belfor shall respond to B&G's discovery addressed in the Special Master's Report and Recommendation and this Order **on or before December 15, 2008.**

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE