# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
   **Plaintiffs,**

-vs-                                                                              Case No. 6:07-cv-222-Orl-35KRS

**LEXINGTON INSURANCE COMPANY, BELFOR USA GROUP, INC., BUILDING CONSULTING ASSOCIATES, INC., VERICLAIM, INC.**
   **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:   PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM LEXINGTON INSURANCE COMPANY (Doc. No. 278)**
>
> **FILED:    August 15, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

On November 11, 2008, the Special Master in this case submitted a report recommending that the motion be granted in part and denied in part. Doc. No. 362. On November 13, 2008, Lexington filed a Notice of Intent to Seek De Novo Review of Order and Recommendation of Special Master on Plaintiffs' Motion to Compel Production of Documents and Answers to Interrogatories From

Lexington Insurance Company. Doc. No. 366.[1] The notice did not state the basis of Lexington's objections and it was not accompanied by a memorandum of law.

Under the Order Appointing Special Master, the parties have two days to seek *de novo* review by the Court based on rulings made by the special master related to discovery motions. Doc. No. 252 ¶ 1.D. A notice of intent to object that does not state the specific objections to the Special Master's ruling or provide any factual or legal support for such objections is insufficient to preserve a parties' objections to the ruling of the Special Master. Furthermore, if such a notice were sufficient, the timing requirements of the Order Appointing Special Master would be merely illusory.

As of the writing of the Order, no party has objected to the Special Master's order and recommendation. After an independent de novo review of the record in this matter, the Court **ADOPTS** and **CONFIRMS** the order and recommendations of the Special Master, with the clarification that Lexington [not B&G] shall serve a supplemental privilege log that complies with my Standing Order Regarding Privilege Logs. *See* Doc. No. 362 at 5. It is **ORDERED** that Lexington shall serve an answer to interrogatory number 5 and the supplemental privilege log on or before December 15, 2008.

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] The notice was signed and filed by John A. Camp, Esq. Attorney Camp has not entered an appearance in this case. Accordingly, if he wishes to appear and be heard on behalf of Lexington going forward, he shall promptly file a notice of appearance. Counsel of record for Lexington are directed to advise Attorney Camp of this Order.