IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRAY & GILLESPIE MANAGEMENT,
LLC, et al,

    Plaintiffs,

-vs.-                                                                Case No.: 6:07-cv-222-Orl-19KRS

LEXINGTON INSURANCE COMPANY, a
Delaware Corporation, BELFOR USA
GROUP, INC., a Colorado Corporation,
BUILDING CONSULTING ASSOCIATES,
INC., an Illinois Corporation, and
VERICLAIM, INC., a Delaware Corporation,
_____/

## ORDER AND RECOMMENDATIONS OF SPECIAL MASTER ON B&G'S MOTION FOR PROTECTIVE ORDER CONCERNING PRIVILEGED DOCUMENTS PRODUCED IN NATIVE FORMAT

Through a long and convoluted series of mistakes and mishaps, Plaintiffs, BRAY & GILLESPIE MANAGEMENT, LLC, et al, ("B&G") now find themselves in the unfortunate position of having delivered Defendants BELFOR USA GROUP, INC., ("Belfor") and LEXINGTON INSURANCE COMPANY ("Lexington") a volume of business records that appear to include privileged documents. Without delving into the rather extreme set of circumstances that got them there, B&G has more specifically reported that, (1) a vendor ("Logik Systems") hired to segregate certain e-mails carrying privileged attachments from B&G's electronically stored data inadvertently delivered the Defendants 294 files that contain both privileged and non-privileged documents (the "Logik Systems Hard Drive") and, (2) B&G, in order to meet the Court's deadline for production of certain electronically stored data, felt compelled to deliver Defendants an undetermined number of privileged documents contained in native format electronic files (the "B&G Hard Drive"). *See, Motion, pp. 2-12.*

B&G has thus filed the instant Motion variously seeking;

   a) a ruling that its production of any privileged documents via delivery of the Logik Systems Hard Drive and the B&G Hard Drive did not serve to waive its right to claim attorney-client or other privilege protections, *Motion, p. 12,19-20* and,

b) an order requiring the Defendants to notify B&G if they "become aware of a privileged document in native format for which the TIFF image of that document is listed on the (privilege) log"[1], and to destroy any such document, and,

c) a ruling that Defendants shall be barred from "attempting to use any such document internally, at deposition, or at trial"

After delivering its own version of the extenuating circumstances leading to this Motion, Belfor notes that while it "remains willing to cooperate with plaintiffs in coming up with a reasonable and timely way to facilitate their "clawback" requests" it strenuously objects to the process suggested by B&G in this Motion. More to the point, Belfor points out that B&G has not specifically identified the privileged documents it wants reported, destroyed and ruled unusable, nor has it formally established any claim of privilege for such unidentified documents. With respect to the "Logik Systems Hard Drive" documents, Belfor additionally objects on the ground that segregating and destroying the 294 electronic files generally identified by B&G would necessarily preclude their examination of several admittedly non-privileged documents.

While the events leading to B&G's present situation demonstrates an appreciable magnitude of what might be considered questionable document management, the principals involved in those events seem to be B&G outsiders - former outside counsel and independent software vendors. There is no evidence that the delivery of whatever privileged documents ended up in the hands of the Defendants occurred because of any conscious act of any B&G management personnel. Based upon the totality of the evidence presented, therefore, it does not appear B&G, as a corporate entity intentionally relinquished its known right to claim privilege protections of these documents.

On the other hand, the Defendants had no role in these circumstances either. Neither they nor their counsel should be made to extend more than reasonable cooperation in allowing B&G to assert its privilege if and when it is in a position to do so. Undertaking an independent search to identify records that B&G may consider privileged, or an attempt to link the documents produced to a privilege log created under a different electronic format, do not come under the umbrella of reasonableness – even if the Defendants had the means of doing it. Pursuant to F.R.C.P. Rule 25(b)(5)(B) it is incumbent upon the party making a claim for privilege to notify any party who has inadvertently received such information and set forth the claim and the basis for the

---

[1] One unfortunate outcome of the events leading to their predicament is the fact that B&G's current privilege log was created from electronic files of documents recorded in a TIFF image format. The TIFF image documents used to create the privilege log were downloaded from B&G's original "native format" electronic files. It appears that only 40% of the TIFF image documents can now be re-traced ("linked") back to their original native format counterparts. (This was the task Logik Systems was retained to perform). The end result is that only a portion of the native format documents recently delivered to the Defendants can be related to the privilege log established by B&G with relative ease. The remaining 60% of the documents recently delivered to the Defendants in native format, would require a page by page search to locate the privileged materials. Given that the total universe of documents apparently approaches ~~1,000,000~~ 800,000 pages in number, this would be a formidable task.

2

privilege asserted. It is only upon receipt of that notice that the party who received the privileged materials may be required to "return, sequester, or destroy" those materials. Nothing presented in B&G's motion warrants a ruling altering or modifying that process. If B&G can, through its own resources, determine exactly what documents were inadvertently delivered to the Defendants and provide them with a description and the notice required by F.R.C.P. Rule 25 (b)(5)(B), the Defendants should assume the obligation to comply with the Rule.

As to any potentially privileged materials now in the hands of the Defendants that B&G cannot identify, Rule 4-4.4(b) of the Florida Rules of Professional Conduct adequately sets forth the appropriate level of cooperation expected of Defendant's counsel. If a lawyer "knows or reasonably should know" that a confidential document was inadvertently sent, he or she should promptly notify the sender.

Based upon the foregoing reasons, and as more particularly set forth below, it is the recommendation and order of the Special Master that B&G has not intentionally waived its right to claim privilege by virtue of delivering the subject documents to the Defendants and that any delivery of such documents was inadvertent. Defendant's counsel is thus on notice that some potentially privileged documents have been inadvertently delivered to them by B&G. While, under the circumstances there will be no requirement for the Defendants to proactively seek out, isolate, report and destroy those documents, they are expected to thus conduct their normal discovery and trial preparations mindful of the fact that privileged documents may be encountered and be prepared to discharge their ethical and legal obligations in the event that they are. If there are doubts as to whether a given document is or is not privileged, better practice would clearly require responding in a manner to give B&G notice and a reasonable opportunity to claim the privilege. The Special Master and the Court shall be available to resolve any disputes that might arise in that regard.

Accordingly, therefore, it is the RECOMMENDATION and ORDER of the Special Master that:

a) to the extent that any documents subject to a claim of privilege were delivered to the Defendants in the "Logik Systems Hard Drive" and the "B&G Hard Drive", that delivery was an inadvertent and unintended event and,

b) B&G has not waived its right to claim privilege for such documents by virtue of those deliveries, however,

c) to the extent that it is able to do so, it is incumbent upon B&G to to provide Defendants express notice specifically identifying any documents it deems privileged that were inadvertently delivered to Defendants, and to provide Defendants with the basis for claiming any privilege it wishes to claim with respect to such documents, all as more specifically required by F.R.C.P. Rule 25(b)(5)(B), and,

Suite 500
Tallahassee, FL  32301

Carl D. Motes, Esquire
Arnold, Matheny & Eagan, PA
605 E. Robinson Street
Suite 730
Orlando, FL  32802

John N. Ellison, Esquire
John B. Berringer, Esquire
Jeremy Hennickel, Esquire
Douglas Widin, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Drew Williams, Esquire
Kinsey Vincent Pyle
150 S Palmetto Ave, Suite 300
Daytona Beach, FL  32114

3405 Piedmont Road, NE
Atlanta, GA  30305

Eric E. Caugh, Esquire
Lindsey A. Davis, Esquire
Zelle, Hofmann, Voelbel, Nason & Gette, LLP
Suite 4000
500 Washington Ave., S
Minneapolis, MN  55415

Bruce DelValle, Esquire
Ocean Waters Management
501 N Atlantic Ave
Daytona Beach, FL  32118

d) in the event Defendants, in the ordinary course of their respective trial and discovery preparation encounter documents that reasonably appear to be subject to a claim of privilege, they shall be governed by Rule 4-4.4(b) of the Florida Rules of Professional Conduct and take appropriate steps to allow B&G to assert whatever privilege it wishes to assert and to have any objections to that privilege judicially resolved.

Nothing herein shall be deemed to rule any documents described or discussed actually are privileged in any respect, nor to preclude or hinder any named party in this matter from objecting to any claim of privilege asserted by any other party. Any determination as to whether any documents delivered to the Defendants by means of the "Logik Systems Hard Drive" or the "B&G Hard Drive" actually are privileged, shall be made in due course if and when the issue as to a specific document is presented to the Court or the Special Master. Any relief sought by B&G's Motion or Belfor's Response not specifically granted by this Order is hereby DENIED.

ORDERED and RECOMMENDED this 3rd day of December, 2008.

/s/Lawrence M. Watson, Jr.
Lawrence M. Watson, Jr.
Special Master

On December 3, 2008, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel:

Michael A. Shafir, Esquire
Steven J. Brodie, Esquire
Carlton Fields, PA
4000 International Place
100 SE 2nd Street
Miami, FL  331331

Daniel Cramer Brown, Esquire
Carlton Fields, PA
215 S. Monroe Street

Amelia W. Koch, Esquire
Kent A. Lambert, Esquire
Roy C. Cheatwood, Esquire
Steven F. Griffith, Jr., Esquire
Baker Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170

Marvin P. Pastel, II, Esquire
Weinstock & Scavo, PC
Suite 300

4