IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRAY & GILLESPIE MANAGEMENT,
LLC, et al,

    Plaintiffs,

-vs.-   Case No.: 6:07-cv-222-Orl-19KRS

LEXINGTON INSURANCE COMPANY, a
Delaware Corporation, BELFOR USA
GROUP, INC., a Colorado Corporation,
BUILDING CONSULTING ASSOCIATES,
INC., an Illinois Corporation, and
VERICLAIM, INC., a Delaware Corporation,

_____/

## ORDER AND RECOMMENDATIONS OF SPECIAL MASTER ON DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION FOR CLARIFICATION OF ORDER AND RECOMMENDATION BY SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM LEXINGTON

    On November 6, 2007, Plaintiffs Bray & Gillespie Management, LLC, Bray & Gillespie, Delaware I, L.P., Bray & Gillespie X, LLC, Bray & Gillespie Plaza, LLC, Bray & Gillespie V, LLC, Bray & Gillespie VIII, LLC, and Bray & Gillespie LaPlaya, LLC (collectively "B&G") served their First Set of Requests for Production and First Set of Interrogatories to Defendant Lexington Insurance Company ("Lexington"). Lexington served its Responses to Plaintiffs' First Set of Requests for Production and Answers to Plaintiffs' First Set of Interrogatories on January 15, 2008. Thereafter, B&G filed a Motion to Compel Production of Documents and Answers to Interrogatories directed to Lexington. That motion was briefed, and an Order and Recommendations regarding that motion was submitted by the Special master on November 11, 2008, (hereafter "the November 11 Order").

    Lexington did not timely seek *de novo* review of the November 11 Order, and the Court entered an Order adopting and confirming same on December 1, 2008. On November 25, 2008, however, Lexington submitted the instant Motion for Clarification to the Special Master. It filed a similar petition before the Court, captioned as a Motion for Reconsideration, on December 5, 2008. The Court entered an order denying that

motion on the same date. The Court's Order of denial, however, makes clear that the Motion for Reconsideration submitted to the Special Master has not been rendered moot.

The instant Motion for Clarification centers around B&G's Interrogatory 5. That Interrogatory asked Lexington to, "Identify and describe other property claims for losses arising out the 2004 Hurricanes that you adjusted." Lexington originally interposed a number of objections to this Interrogatory:

> Lexington objects to this Interrogatory as overly broad, vague, harassing, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Any claims made on policies issued by Lexington other than to Plaintiffs do not relate to any of the "live" counts against Lexington alleged in this action, nor do they relate to any claim or defense at issue in this case. Specifically, the "bad faith" claims against Lexington have been abated by this Court, and this Interrogatory thus cannot possibly lead to the discovery of any relevant or admissible evidence.

For the reasons expressed in the November 11 Order, it remains the view of the Special Master that Lexington's objection that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence must be overruled.

In assessing Lexington's objections based on over breadth, vagueness and harassment, the Special Master stated as follows:

> Of concern, however, is the facially breathtaking scope of the question as literally phrased. For example, the interrogatory does not distinguish between claims arising from losses allegedly sustained in one storm versus multiple storms, between residential and commercial properties, or between different types of insurance policies (*e.g.* all risk or otherwise) a given insured may have chosen. To require Lexington to answer Interrogatory 5 as phrased goes far beyond what the Court contemplated in *Hartford*, so the question must be appropriately limited in scope. Accordingly, it is the order and recommendation of the Special Master that Lexington be required to answer Interrogatory 5 by identifying and describing all other property claims for losses arising out the 2004 Hurricanes that it adjusted, but *only* to the extent that (1) the insuring agreement is the same or substantially similar as the agreement insuring B&G, *and* (2) the insured sought recovery for losses arising from more than one of the 2004 Hurricanes.

Lexington now moves for reconsideration of this portion of the November 11 Order. The essence of its argument is that by attempting to limit the scope of Interrogatory 5, the November 11 Order has in fact made the question even more difficult for Lexington to Answer.

2

While perhaps neither foreseen nor intended, the emergent situation in which Lexington now finds itself would appear to be one of its own making. Lexington states on page 2 of its Motion for Clarification how it likely would have answered Interrogatory 5 as originally phrased by B&G had the Special Master or Court simply overruled their objection and ordered it to do so. Its proposed answer consists only of six lines of text.[1] That answer first explains that Lexington received more than 6,100 claims for coverage under Lexington policies as a result of the 2004 hurricane season, indicating the number of claims, at least, could be readily determined. The suggested answer further goes on to state that Lexington does not maintain information in the regular course of business that would allow it to "describe" each individual claim. If in Lexington's view, this answer would have satisfactorily responded to Interrogatory 5, then it is not readily apparent what is harassing, vague or overbroad about the question.

As an alternative to responding in this fashion, Lexington could have also stated its objections and then answered the interrogatory as it now suggests, subject to those objections. *See, e.g., Middle District Discovery* (2001) at 17. Lexington instead chose to object to the interrogatory in its entirety rather than answer it as it now suggests. Following the November 11 ruling was a time consuming series of motions to reconsider or clarify rather than a straight forward timely appeal.

With all that said, however, it was the intention in the November 11 Order to reduce the burden on Lexington, while at the same time requiring Lexington to furnish an adequate response to Interrogatory 5. Keeping that objective in mind, the Declaration of Michael Duff upon which Lexington relies states that, "Claims are coded by separate losses such as each hurricane, but not whether the insured treated the separate events as one loss." *Declaration of Duff, ¶11*.[2] It would therefore seem that, at a minimum, Lexington could readily determine whether a policyholder made a claim for property damage arising from *at least one of* the 2004 hurricanes. It should also be able to discern the names of those insureds, the location of the insured properties, and whether the properties were residential or commercial.

The November 11 Order attempts to narrow the scope of Interrogatory 5 by limiting Lexington's response to claims involving "the same or substantially similar" insuring agreement as the policy issued to B&G in the instant case. Lexington argues that an analysis of whether a policy is "the same or substantially similar" to the policy insuring B&G requires "considerable analysis and judgment", requires a comparison of the insuring clauses, exclusions and riders in each policy, and invades the opinion work product of Lexington's counsel. *See Motion at p.4, 6*. It would appear this objection would be readily cured by limiting the type of insurance policies implicated in other hurricane claims to commercial property policies. This has the added effect of narrowing Lexington's obligation to respond solely to claims involving commercial properties.

---

[1] The final sentence trails off with ellipses, so presumably the complete answer would consist of another line or two.

[2] Whether the insured considered separate events as one loss does not seem as significant as whether Lexington considered them as such.

3

Based upon the foregoing, therefore, it is the RECOMMENDATION and ORDER of the Special Master that:

1) Lexington's Motion for Clarification is hereby GRANTED in part and DENIED in part.

2) Lexington shall, on or before December 31, 2008, serve an answer to B&G's Interrogatory 5 identifying and describing all other property claims for losses arising out the 2004 Hurricanes that it adjusted, including the name of the insured and the physical address of the insured property, but only to the extent that (1) the insured property is commercial property, (2) the insuring agreement for said property is a commercial property policy, and (3) the insured sought recovery for losses arising from one or more of the 2004 Hurricanes.

3) All other relief sought by Lexington's Motion for Clarification not specifically granted herein is hereby DENIED.

Recommended and Ordered this 11th day of December, 2008.

_____
Lawrence M. Watson, Jr.
Special Master

4

On December 11, 2008, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel:

Michael A. Shafir, Esquire
Steven J. Brodie, Esquire
Carlton Fields, PA
4000 International Place
100 SE 2nd Street
Miami, FL  331331

Daniel Cramer Brown, Esquire
Carlton Fields, PA
215 S. Monroe Street
Suite 500
Tallahassee, FL  32301

Carl D. Motes, Esquire
Arnold, Matheny & Eagan, PA
605 E. Robinson Street
Suite 730
Orlando, FL  32802

John N. Ellison, Esquire
John B. Berringer, Esquire
Jeremy Hennickel, Esquire
Douglas Widin, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Drew Williams, Esquire
Kinsey Vincent Pyle
150 S Palmetto Ave, Suite 300
Daytona Beach, FL  32114

Amelia W. Koch, Esquire
Kent A. Lambert, Esquire
Roy C. Cheatwood, Esquire
Steven F. Griffith, Jr., Esquire
Baker Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans. LA  70170

Marvin P. Pastel, II, Esquire
Weinstock & Scavo, PC
Suite 300
3405 Piedmont Road, NE
Atlanta, GA  30305

Eric E. Caugh, Esquire
Lindsey A. Davis, Esquire
Zelle, Hofmann, Voelbel, Nason & Gette, LLP
Suite 4000
500 Washington Ave., S
Minneapolis, MN  55415

Bruce DelValle, Esquire
Ocean Waters Management
501 N Atlantic Ave
Daytona Beach, FL  32118