# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
    **Plaintiffs,**

-vs-                  Case No. 6:07-cv-222-Orl-35KRS

**LEXINGTON INSURANCE COMPANY,**

    **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT LEXINGTON INSURANCE COMPANY'S OBJECTIONS TO AND MOTION FOR DE NOVO REVIEW OF SPECIAL MAGISTRATE ORDER AND RECOMMENDATIONS ON MOTION FOR CLARIFICATION OF ORDER AND RECOMMENDATION BY SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM LEXINGTON (Doc. No. 423)** |
| **FILED:** | **December 15, 2008** |

| | |
|---|---|
| **MOTION:** | **ORDER AND RECOMMENDATIONS ON MOTION FOR CLARIFICATION OF ORDER AND RECOMMENDATION BY SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM LEXINGTON (Doc. No. 416)** |
| **FILED:** | **December 11, 2008** |

| | |
|---|---|
| **MOTION:** | **DEFENDANT LEXINGTON INSURANCE COMPANY'S MOTION FOR CLARIFICATION OF ORDER AND RECOMMENDATION BY SPECIAL MASTER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM LEXINGTON (Doc. No. 379)** |
| **FILED:** | **November 25, 2008** |

**I. INTRODUCTION AND BACKGROUND.**

On November 11, 2008, the Special Master in this case submitted a report recommending that Plaintiff B&G's motion to compel production from Lexington as to its Interrogatory #5 be granted in part. Doc. No. 362. On November 25, 2008, Lexington filed a motion for clarification with the Special Master on "the two limitations imposed by the Order and Recommendation regarding Interrogatory No. 5 and the extent of Lexington's obligation to answer this Interrogatory in light of Rule 26(b)(2)(C)(iii)." Doc. No. 379 at 2.

On December 1, 2008, the Court adopted the Special Master's November 11, 2008, report. Doc. No. 390. The Order directed Lexington to "serve an answer to interrogatory number 5 . . . on or before December 15, 2008." *Id.* at 2. Lexington sought reconsideration of this Order. Doc. No. 402. The Court denied the motion for reconsideration, but noted "[s]hould the Special Master change his prior ruling and recommendation and request that the Court approve modifications to that prior ruling and recommendation," the Court would consider that subsequent ruling in due course. Doc. No. 407.

On December 11, 2008, the Special Master submitted a report recommending that Lexington's motion for clarification be granted in part and denied in part. Doc. No. 416. The Special Master wrote that his "intention in the November 11 Order [was] to reduce the burden on Lexington, while at the same time requiring Lexington to furnish an adequate response to Interrogatory 5." *Id.* at 3. The Special Master specifically considered Lexington's Declaration of Michael Duff, *see id.*, and Lexington's renewed arguments concerning relevance. *Id.* at 2. In consideration of these arguments, the Special Master:

1. Held "that Lexington's objection that the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence must be overruled." *Id.*

2. Limited the scope of Lexington's answer to "identifying and describing all other property claims for losses arising out [of] the 2004 Hurricanes that it adjusted" to commercial properties insured by commercial policies for which the insured party "sought recovery for losses arising from one or more of the 2004 Hurricanes." *Id.* at 4 ¶ 2.

3. Extended the time for Lexington to answer B&G's Interrogatory #5 to December 31, 2008. *Id.*

On December 15, 2008, Lexington timely objected to the Special Master's report on Lexington's motion for clarification. Doc. No. 423. B&G has responded in opposition to the relief sought by Lexington. Doc. No. 434. Accordingly, the above-captioned motions and the Special Master's report are ripe for consideration.

**II.  ANALYSIS.**

For the reasons herein and after an independent de novo review of the record in this matter, the Court agrees with the Special Master's Report and Recommendation.

*A.  Relevance.*

As it has in the past, Lexington objects to the Special Master's report on the grounds that documents related to 2004 hurricane commercial property claims are irrelevant.  For the reasons first expressed in the Special Master's November 11, 2008, ruling, Doc. No. 362, and adopted by the Court, Doc. No. 390, this renewed objection must again be overruled.

*B.  Undue Burden.*

Lexington argues the Special Master's December 11, 2008, Order unduly burdens Lexington.  Doc. No. 423.  Since the Special Master's Report on November 11, 2008, Lexington has been on notice of the need to collect these documents to respond to Interrogatory #5.  On December 1, 2008, the Court specifically ordered a response to Interrogatory #5 on or before December 15, 2008.  The Special Master extended this period to December 31, 2008.  Doc. No. 416.

As the Special Master described in detail, "[w]hile perhaps neither foreseen nor intended, the emergent situation in which Lexington now finds itself would appear to be one of its own making."  Doc. No. 416 at 3.  Discounting its self-inflicted predicament, Lexington argues it "will take several Lexington employees a minimum of four weeks, perhaps longer, to research, retrieve, photocopy and review" their files for production.  Doc. No. 423-2 ¶ 16 (Duff Decl.).  As of the date of this Order, Lexington has had four weeks since the Court adopted the Special Master's

Report and seven weeks since the Special Master first issued that Report to prepare its answer to Interrogatory #5.

  *C. Rule 26(b)(2)(C)(iii) Balancing Test.*

  Lexington argues the Special Master failed to engage in the required balancing test to determine whether the burden and expense of answering Interrogatory #5 outweighed the relevance and potential benefit to B&G.  Doc. No. 423 at 9; Fed. R. Civ. P. 26(b)(2)(C)(iii).  Having reviewed the Special Master's November 11, 2008, and December 11, 2008, reports, the Court finds the Special Master did perform the required balancing test.  First and foremost, the Special Master's decision to issue a clarification to eliminate any unnecessary or unintended burdens on Lexington provides evidence of his careful consideration of the requirements of Rule 26.  The Special Master's clarification also relied on Lexington's declaration that "[c]laims are coded by separate losses such as each hurricane."  Doc. No. 416 at 3.  Considering this averment, the Special Master determined it would not be burdensome for Lexington to answer Interrogatory #5 as ordered because "at a minimum, Lexington could readily determine whether a policyholder made a claim for property damage arising from *at least one of* the 2004 hurricanes.  It should also be able to discern the names of those insureds, the location of the insured properties, and whether the properties were residential or commercial."  *Id.*  (emphasis in original).

  Having conducted an independent de novo review of the record, the Court concurs with the Special Master and finds that the burden on and expense to Lexington of answering Interrogatory #5 does not outweigh its likely benefit to B&G, "considering the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

### III. CONCLUSION.

Accordingly, it is **ORDERED** that Defendant Lexington Insurance Company's objections, Doc. No. 423, are **OVERRULED** and the Special Master's report filed November 11, 2008, Doc. No. 362, as clarified by the report filed December 11, 2008, Doc. No. 416, is **ADOPTED** and **CONFIRMED**.  The December 31, 2008, deadline extension set by the Special Master in his December 11, 2008, clarification remains in effect.

It is further **ORDERED** that the parties may not cite or rely upon this Order, or the pendency of discovery disputes before the Special Master, as a basis to seek an enlargement of any deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on December 30, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE