# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE MANAGEMENT LLC, BRAY & GILLESPIE, DELAWARE I, L.P., BRAY & GILLESPIE X, LLC, et al.**
    **Plaintiffs,**

**-vs-**              **Case No. 6:07-cv-222-Orl-35KRS**

**LEXINGTON INSURANCE COMPANY,**

    **Defendants.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following causes:

| | |
|---|---|
| **MOTION:** | **ORDER AND RECOMMENDATIONS OF SPECIAL MASTER ON B&G'S MOTION FOR PROTECTIVE ORDER CONCERNING PRIVILEGED DOCUMENTS PRODUCED IN NATIVE FORMAT (Doc. No. 395)** |
| **FILED:** | **December 3, 2008** |

| | |
|---|---|
| **MOTION:** | **SUPPLEMENTAL ORDER AND RECOMMENDATIONS OF SPECIAL MASTER ON B&G'S MOTION FOR PROTECTIVE ORDER CONCERNING PRIVILEGED DOCUMENTS PRODUCED IN NATIVE FORMAT (Doc. No. 425)** |
| **FILED:** | **December 17, 2008** |

| | |
|---|---|
| **MOTION:** | **DEFENDANT LEXINGTON INSURANCE COMPANY'S OBJECTIONS TO AND MOTION FOR DE NOVO REVIEW OF SPECIAL MASTER ORDER AND RECOMMENDATIONS ON B&G'S MOTION FOR PROTECTIVE ORDER CONCERNING PRIVILEGED DOCUMENTS PRODUCED IN NATIVE FORMAT (Doc. No. 430)** |
| **FILED:** | **December 19, 2008** |

| | |
|---|---|
| **MOTION:** | **B&G'S RESPONSE IN OPPOSITION TO DEFENDANT LEXINGTON INSURANCE COMPANY'S OBJECTIONS TO AND MOTION FOR DE NOVO REVIEW OF SPECIAL MASTER ORDER AND RECOMMENDATIONS ON B&G'S MOTION FOR PROTECTIVE ORDER CONCERNING PRIVILEGED DOCUMENTS PRODUCED IN NATIVE FORMAT (Doc. No. 439)** |
| **FILED:** | **January 2, 2009** |

**I.    BACKGROUND.**

On June 25, 2008, the undersigned Magistrate Judge orally ordered Plaintiff B&G to produce certain electronically stored information (ESI) on an expedited basis.  Doc. No. 330.  B&G appealed that order to the presiding District Judge, Doc. No. 255, who affirmed the Magistrate Judge's order, Doc. No. 256.  Thereafter, B&G represents that it produced the required ESI without conducting a privilege review in an effort to comply with the Court's orders requiring expedited production of that information.  *See* Doc. No. 328.

On September 26, 2008, B&G filed a motion for a protective order directed to the Special Master in which B&G requested with respect to the ESI produced on an expedited basis that the Special Master require Defendant Lexington to notify B&G if it became aware of privileged

information produced within that production and to destroy the privileged information. *Id.* Lexington opposed the motion arguing, among other things, that to the extent B&G produced privileged information it waived the applicable privilege. Doc. No. 335.

On December 3, 2008, the Special Master submitted a report recommending that B&G's motion for protective order be granted in part. Doc. No. 395. The Special Master concluded that to the extent any information that was subject to a claim of privilege was produced on an expedited basis pursuant to the Court's order, B&G had not waived its privilege claims. *Id.* The Special Master supplemented his report on December 17, 2008, to address arguments raised by Lexington in its opposition to B&G's motion. Doc. No. 425. In his supplemental report, the Special Master reiterated that his December 3, 2008, report did not make any finding as to whether any information that B&G produced was privileged and did not require Lexington to search out and segregate what might be considered privileged documents from the production. Rather, the Special Master recommended that if Lexington, "in the ordinary course of trial preparation, encounters what appears to be a privileged document, normal ethical standards would be followed [by Lexington] to resolve that situation." *Id.* at 10.

On December 19, 2008, Lexington timely objected to the Special Master's supplemental report. Doc. No. 430. B&G filed a response in opposition. Doc. No. 439. Therefore, the matter is ripe for consideration.

**II.     ANALYSIS.**

The Court agrees in principle with the narrow recommendation of the Special Master that the Court deny both B&G and Lexington a "blanket" finding of either privilege or waiver with respect to any privileged items contained within the ESI produced in response to the June 25, 2008, order. The Court also agrees with the Special Master that if the only time that B&G produced a particular item of privileged information was in response to the Court order requiring expedited production of ESI, and the difficulties in that production were as described by B&G in the June 25, 2008, hearing and in B&G's motion for protective order, then the production was inadvertent and would not constitute a waiver.

However, substantial issues of fact exist regarding whether any particular item that was disclosed is (1) privileged, and (2) was produced only during the expedited production of ESI, and (3) whether the facts regarding B&G's ability to produce metadata associated with the TIFF images from the Introspect database were as represented to the Court in the June 25, 2008 hearing.[1] Accordingly, the narrow ruling of the Special Master is adopted and affirmed with the caveat that the question of waiver will be considered, if necessary, after the Court determines, in response to an appropriate motion, that B&G has established that a particular item at issue is privileged.

---

[1] At the time the undersigned entered the June 25, 2008, oral order, the facts regarding how the ESI was stored and the access B&G had to the ESI in the Introspect database were different from those now before the Court. If B&G with the assistance of Anderson, Kill & Olick could have produced the ESI at issue directly from the Introspect database by simply producing load files of the associated metadata then stored in that database, and B&G had so advised the Court, the Court would not have been required to order B&G to go through the steps of creating the Logik hard drive and producing the B&G hard drive.

**IV. CONCLUSION.**

Accordingly, it is **ORDERED** that Defendant Lexington Insurance Company's objections, Doc. No. 430, are **OVERRULED** and the Special Master's reports filed December 3, 2008, Doc. No. 395, as clarified by the report filed December 17, 2008, Doc. No. 425, is **ADOPTED** and **CONFIRMED** to the extent set forth herein.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE