# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE MANAGEMENT**
**LLC, BRAY & GILLESPIE, DELAWARE I,**
**L.P., BRAY & GILLESPIE X, LLC, et al.**
                      **Plaintiffs,**

**-vs-**                                                   **Case No. 6:07-cv-222-Orl-35KRS**

**LEXINGTON INSURANCE COMPANY,**

                        **Defendants.**
_____/

## ORDER

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **LEXINGTON INSURANCE COMPANY'S MOTION TO COMPEL BRAY & GILLESPIE MANAGEMENT, LLC'S PRODUCTION OF DOCUMENTS AND FURTHER AMENDMENT OF PLAINTIFFS' AMENDED PRIVILEGE LOG (Doc. No. 450)** |
| **FILED:** | **February 6, 2009** |

Counsel for Plaintiffs Bray & Gillespie companies (B&G) are reminded that they must review my Standing Order Regarding Privilege Logs with respect to the legal analysis and evidence required in response to the motion. Standing Order Regarding Privilege Logs, found online at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Orders. The Court may not conduct a hearing on the motion if the legal analysis and evidence is insufficient to support a *prima facie* showing that each privilege and protection claimed can be sustained. The allegedly privileged and protected documents at issue shall not be presented for review unless requested by the Court.

With respect to e-mail and other related communications, the communications should be separately listed on the log so that the Court can determine whether alleged attorney-client communications were made in confidence and maintained in confidence.

Each individual listed on the log must be identified in a manner that will allow the Court and the parties to determine whether the individual is the agent of a party and, with respect to attorney-client communications, whether the individual was within the group of people necessary to the attorney-client communication. *See Southern Bell Tel. & Tel. v. Deason,* 632 So.2d 1377, 1383 (Fla. 1994). With respect to the work product protection, the anticipated litigation must be specifically identified.

Due to the imminent close of the fact discovery period, it is unlikely that the Court will provide B&G with another opportunity to amend the privilege log if the log and supporting evidence presented in response to the motion is insufficient to establish *prima facie* support for the claimed privileges and protections.

Counsel are also reminded that filing motions related to fact discovery late in the fact discovery period and the pendency of such motions will not support a request for an enlargement of the discovery period absent a showing of extraordinary circumstances that prevented the motion from being filed at an earlier date.

**DONE** and **ORDERED** in Orlando, Florida on February 16, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties